IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. : | |
| d/b/a IOU FINANCIAL, INC. : | |
| : | |
| Plaintiff, : | |
| vs. : | Case No. |
| : | |
| LAZY DOG MANAGEMENT, LLC : | |
| d/b/a OLE DOG TAVERN; : | |
| CHRISTOPHER DELMONICO; : | |
| NIALL O'NEILL; : | |
| DEFENDANT TWO DUDES, LLC; : | |
| 458 CONNECTICUT AVE, LLC; : | |
| GORDON JON LLC : | |
| : | |
| Defendants : | |

## **COMPLAINT**

Plaintiff IOU sues the Defendants as follows:

1.      Plaintiff is incorporated in Delaware, whose principal place of business located in Georgia, which is a citizen of both states per 28 U.S.C. § 1332.

2.      Defendant Lazy Dog [Business] is a limited liability company, a restaurant business, whose sole members are Defendants Delmonico and O'Neil [Debtors], domiciled in and citizens of Connecticut per § 1332. The term "Defendants" refers only to these Defendants unless otherwise stated.

1

3. Debtors are the sole members of Defendant Two Dudes LLC. Debtor Delmonico is the sole member of Defendant 458 Connecticut Avenue, LLC and of Defendant Gordon Jon LLC [LLC Defendants].

4. Debtors are officers, owners or other agents of Business and the LLC Defendants, with authority to act on their behalf, such as the transactions at issue.

5. Per § 1332, jurisdiction exists in this case based upon diversity of citizenship between the parties and the amount in controversy exceeds $76,000.00, such as relief in law or equity. Per § 1367, jurisdiction exists over all claims.

6. This case concerns debt, property and relief valued in excess of $76,000.00, including damages and fees recoverable by contract and statute.

7. Under 28 U.S.C. § 1391 and § 90, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here or Defendants consented to this venue and personal jurisdiction to which they are subject.

8. The Loan at issue and its governing Instruments stipulate they were applied for, considered and funded from Georgia, whose performance is due in Georgia. They are governed by Georgia law, contain mandatory Georgia forum clauses and waive any defenses of Georgia jurisdiction and venue, as Business and Debtors agreed, who subjected themselves to jurisdiction in Georgia with their property and assets. The LLC Defendants are closely related to Business and

Debtor[s] which are bound by the forum clauses in the loan instruments, which are linked to Business and Debtor[s] and it was foreseeable they would be bound by the Instruments, per their terms, whose rights derive from the other Defendants.

9. Business and Debtor[s] applied for a commercial loan [Loan] at Plaintiff's Georgia office, representing in the application process that Debtor[s] could bind the Business, they had the ability and intent to comply with the Loan; whose application information was truthful upon Plaintiff materially relied.

10. On or about <u>8/15/19</u> [Closing] Business, through Debtor[s], executed and delivered a Note to Plaintiff, for a gross loan amount/principal sum of <u>$110,000.00</u>, at its Georgia office, in exchange for its Funds, with a loan guaranty fee, confirming all information in the loan application process [Note ¶ 1-5].

11. The Note is breached and in default if (i) its amounts are not received when due; (ii) Business breaches its warranties, representations, covenants, terms or conditions (iii) default under any guaranty or instrument, to enhance the Loan's underwriting; a bankruptcy, insolvency or receivership proceeding is commenced by or as to Business and not dismissed within 30 days (iv) Business ceases to exist (v) Business obtains another loan without written permission [Note ¶ 6].

12. The Note is the unconditional legal obligation of Business to satisfy the Loan, with all others who become liable for it, such as Debtor[s] and the LLC Defendants, which waived any defenses to it, aside from payment, which states:

> *Borrower and all others* [emphasis added] who become liable for the payment of all or any part of the amounts due under this Note do hereby severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest and non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) any defense of the statute of limitations in any action or proceeding brought for the collection of the amounts due under this Note. [Note ¶13]
>
> Borrower is and shall be obligated to pay principal, interest and any other amounts which shall become payable hereunder absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or setoff. [Note ¶14]

13. The Note is governed by Georgia law and subject to Georgia jurisdiction and venue in any action arising from or relating to it [Note ¶¶ 20, 23, 24] which Business and Debtor[s] assumed, adopted and ratified.

14. The property and assets of Business, plus other parties bound by the Note, are encumbered as collateral for the Loan under a Security Agreement in the Note, which Defendants assumed, adopted and ratified, which provides as follows:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property

including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto [Note ¶ 21].

15.     The Note and Security Agreement are enforceable by remedies such as but not limited to repossession, replevin, judicial foreclosure or prejudgment or provisional remedies relating to any collateral, security or property interests of the Defendants for debt owed under the Loan [Note ¶ 25].

16.     At the Closing, Debtors executed and delivered Guarantees of the Note and Security Agreement to Plaintiff's Georgia office.

17. The Guarantees are breached and in default based on a breach of and default on their terms or any breach of and default on the Note [Guarantees p. 1].

18. The Guarantees are the unconditional legal obligations of Debtor[s] to satisfy the Loan, with all others who become liable for it per the Note, their estates, executors, administrators, heirs, successors and assigns, who waived any defenses to the Loan aside from payment, which state as follows:

> In consideration of the loan made by Lender to Borrower, Guarantor hereby absolutely and unconditionally guarantees both payment of, and collection of, the Guaranteed Debt when due under the terms of the Note. Guarantor will pay the Guaranteed Debt in full, without setoff or counterclaim upon Lender's demand. This Guaranty shall not be affected by the genuineness, validity, regularity or enforceability of the Note, or by circumstances relating to the Note that might otherwise constitute a defense to this Guaranty. Guarantor acknowledges that there may be more than one Guarantor of the Guaranteed Debt and agrees that, in such circumstances, each Guarantor shall be joint and severally liable for the Guaranteed Debt. [Guaranty ¶ 2].

> This Guaranty is a continuing and irrevocable guaranty of the Guaranteed Debt and shall remain in full force and effect until the Guaranteed Debt, and any other amounts payable under this Guaranty, are paid in full. This Guaranty shall continue to be effective, or be reinstated, as if such payment had not been made, if at any time any payment of any portion of the Guaranteed Debt is rescinded or must be restored or returned by Lender to Borrower upon the insolvency or bankruptcy of the Borrower or otherwise This Guaranty shall: (i) bind Guarantor and Guarantor's executors, administrators, _successors and assigns_, [emphasis added] provided that Guarantor may not assign rights or obligations under this Guaranty without Lender's prior written consent; and (ii) inure to the benefit of Lender and its successors and assign [Guaronty ¶ 3].

19. The Guarantees are governed by Georgia law and subject to Georgia jurisdiction and venue in any action arising from or relating to it [Guaranty ¶¶ 8 11] which all Defendants assumed, adopted and ratified.

20. The property and assets of Debtor[s], plus other parties bound by the Guarantees, are encumbered as collateral for the Loan under the Security Agreement and Guarantees or are otherwise required which Defendants ratified.

21. Plaintiff may enforce the Note against the Debtor[s], using its same methods and remedies, such as the Security Agreement [Guaranty ¶ 13, 19].

22. At the Closing, Debtors executed a Debit Agreement with Business to Plaintiff, authorizing Loan payments from their account into Plaintiff's account, certifying its purpose and their account, which they assumed, ratified and adopted.

23. At the Closing, Defendants received the Loan Funds by wire transfer into their account from Plaintiff's account, to which they consented and ratified.

24. Defendants assumed, ratified and adopted the Note, Guaranty, Security and Debit Agreements [Instruments] who are liable for the Loan.

25. The Instruments are a security interest in and encumber the property and assets of Defendants, such as but not limited to the below ones:

(a) 169 Berkeley Road, Fairfield CT 06825, owed by Debtor Delmonico.

(b) 246 Charcoal Ave. Middlebury CT 06762, owned by Debtor O'Neill.

(c) The Instruments encumber the interests of Debtors in Defendant Two Dudes LLC, another restaurant, formed by them on 3/22/21 and of Debtor Delmonico in Defendant 458 Connecticut Avenue, LLC, formed 1/8/18 and in Defendant Gordon Jon LLC, formed 2/9/21 [LLC Defendants].

(d) 458 Connecticut was undisclosed by Debtors at the Closing and Two Dudes and Gordon were formed by them after the Closing, apparently to evade undisclosed labor violations of Business and Debtors from 2017. These LLC Defendants "became liable" for the Loan, are "successors and assigns" of Defendants and are otherwise subject to the Instruments per their terms.

(e) The LLC Defendants are closely related to Business and Debtor[s] and it was foreseeable they would be bound by the Instruments, whose rights are derivative of the other Defendants, whose conduct requires this result.

(f) The above and other properties and assets of Defendants are not subject to a homestead or other protection or exemption, which were waived by the Instruments or by the conduct of Defendants, which were purchased, improved or maintained with the Funds or which are otherwise invalid.

(g) The properties and assets of Defendants are subject to any UUC-1 or other notice as to the Loan and Instruments by Plaintiff and jurisdiction here.

26. The Instruments, when read together, are the commercial Loan, that "absolutely and unconditionally" promises its "payment and collection" [Note ¶ 2, 14, Guarantees ¶ 1-3]. Defendants and others "are or will become liable for its amounts due" include their "estate, executors, administrators, heirs, successors and assigns" such as the LLC Defendants [Note ¶ 13, Guarantees ¶ 3]. It bars all defenses except payment [Note ¶ 13, Guarantees ¶ 2]. It provides for payment of interest, costs, other charges and attorney's fees for its enforcement [Note ¶ 2, 5 8, 10, Guarantees ¶¶ 1, 7]. It is enforceable by remedies Plaintiff may simultaneously pursue including on the debt and Security Agreement [Note ¶¶ 21, 25, Guarantees ¶¶ 1, 11]. It was ratified by Defendants per their acceptance of the Funds.

27. Defendants breached and defaulted upon the Instruments, such as but not limited to omitting to mention labor violations of Business and Debtor[s] prior to the Closing, resulting in a pending suit against them, D. Conn. Case No. 3:21-cv-204 filed 2/18/21, failing to make payments, obtaining unapproved debt, dissipating their property and assets, which they did not cure even after repeated demands by Plaintiff, who are liable for the Loan and their misconduct.

28. Plaintiff owns and holds the defaulted Instruments, which has standing to enforce them, whose principal balance and value exceeds $76,000.00, with

attorney's fees, pre-judgment interest and other charges as provided by law and their terms [Note ¶ 2, 5, 8, 10, Guarantees ¶ 1, 7].

29. Defendants induced Plaintiff to confer the Funds on them under the Loan, which they did not intend to satisfy but did not disclose prior to the Closing.

30. Plaintiff reasonably relied upon the representations of Defendants and paid the Funds to them, which closed the Loan with them as a result.

31. Defendants accepted and retained the Funds, who are fraudulently, wrongfully or unjustly enriched with them at Plaintiff's expense, by retaining their property, assets and the Funds.

32. Defendants are indebted to Plaintiff for the Funds, of which their property, assets and proceeds are secured as collateral per the Instruments.

33. All conditions precedent to occurred, were fulfilled, waived or their occurrence or fulfillment were unnecessary or futile.

### COUNT I: ENFORCEMENT OF SECURED INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS [INCLUDING LLC DEFENDANTS]

34. ¶¶ 1-33 are incorporated.

35. The Instruments are intended to bind the recipients and beneficiaries of the Funds, such as the Defendants, which they assumed, adopted and ratified.

36. The Instruments are secured by all property and assets of Defendants per the Security Agreement, which they assumed, adopted and ratified, which include the interests of the Debtor[s] in the LLC Defendants.

37. Defendants breached the Instruments requiring their enforcement as to their property and assets per these terms or per their conduct.

38. Defendants accepted the Funds, which they wrongfully retain, who are otherwise unjustly enriched by retaining them with their property and assets.

39. Defendants cannot enjoy any beneficial interest in their property and assets without violating equitable principles, due to their misconduct.

40. The Instruments are enforceable against the property and assets of the Defendants, such as the LLC Defendants, as a secured debt, for which there is no adequate legal remedy, requiring equitable relief, which will not prejudice anyone.

41. Per 28 U.S.C. § 2201 and applicable law, Plaintiff requests the Court declare and establish that all Defendants are liable for the Instruments, which are a secured interest in their property and assets, enforceable by an equitable lien or mortgage, constructive trust or like remedy, without waiver of its other remedies, relating back to their execution, granting all just relief, such as its other relief pled.

## COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO BUSINESS AND DEBTOR DEFENDANTS

42.    ¶¶ 1-33 are incorporated.

43.    Defendants consented to and ratified the Instruments by accepting the Funds, for which they are liable as co-guarantors and obligors.

44.    Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now in default and due.

45.    Plaintiff accelerated the principal balance of its defaulted Instruments of which Defendants were given notice or notice was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

46.    Per O.C.G.A. § 13-1-11, Defendants are notified unless all principal, interest and other charges due under the Instruments are paid within 10 days of service of this Complaint, then Plaintiff can enforce and invoke the fees provisions of the Instruments and they will be indebted for Plaintiff's fees and costs.

47.    Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest with any charges as provided by the Instruments and as provided by law.

48.    Plaintiff demands judgment for its damages on the Instruments against Defendants for a principal balance of at least $76,000.00, plus fees, interest, costs and its other charges, plus all just relief such as its other remedies.

## COUNT III: UNJUST ENRICHMENT AND RELATED RELIEF
## AS TO BUSINESS AND DEBTOR DEFENDANTS

49.   ¶¶ 1-33 are incorporated.

50.   Defendants induced and encouraged Plaintiff to confer the Funds upon them through Debtor[s], of which they assumed, adopted and ratified.

51.   Plaintiff provided the Funds to the Defendants, expecting their repayment, of which they appreciated, consented, benefitted and ratified.

52.   Defendants retained the Funds which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

53.   Per O.C.G.A. § 9-2-7 and applicable law, Plaintiff demands judgment as to Defendants for the Funds, costs and all just relief, such as an equitable lien, equitable mortgage or constructive trust on the property and assets of Defendants.

## COUNT VI:  ATTORNEY'S FEES AND RELATED RELIEF
## AS TO ALL DEFENDANTS [INCLUDING LLC DEFENDANTS]

54.   ¶¶ 1-33 are incorporated.

55.   Defendants acted in bad faith by their misconduct, refusing to resolve these matters, requiring Plaintiff to bring the action and incur costs and fees.

56.   Defendants were stubbornly litigious as there was no dispute of their liability at which caused Plaintiff the unnecessary trouble/expense to bring suit.

57. Per O.C.G.A. §13-6-11 and applicable law, Plaintiff demands judgment against Defendants for its fees, costs and just relief, including its other remedies, if these are not otherwise granted.

## L.R. 5.1 (C) CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point typeface.

Respectfully submitted this 1st day of September 2021.

By: */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 135703